### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **VANDERBILT MORTGAGE AND FINANCE, INC.,** | * | |
| | * | |
| | * | |
| **PLAINTIFF,** | * | |
| | * | |
| **VS.** | * | CASE NO. _____ |
| | * | |
| **STEPHEN D. CROSBY.;** | * | |
| **KAREN CROSBY; and** | * | |
| | * | |
| **DEFENDANTS.** | * | |

## COMPLAINT

Vanderbilt Mortgage and Finance, Inc. ("Plaintiff") states the following as its complaint against the Defendants Stephen D. Crosby, and Karen Crosby, (Stephen and Karen Crosby are hereinafter collectively referred to as the "Crosby Defendants").

## PARTIES

1.      Plaintiff is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business in Maryville, Tennessee, and authorized to do business under the laws of the State of Alabama.

2.      Defendant, Stephen D. Crosby, is upon information and belief over the age of 19 years and a resident of Choctaw County, Alabama.

3.      Defendant, Karen Crosby, is upon information and belief over the age

of 19 years and a resident of Choctaw County, Alabama.

## SUBJECT MATTER JURISDICTION

4.      This court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and the dispute involved is between citizens of different states. Therefore, there is complete diversity of citizenship, and the amount in controversy requirement is satisfied.

## VENUE

5.      Venue is proper in this district and division pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or omissions giving rise to the plaintiff's claims occurred within this district and division.

## FACTS

6.      On or about October 26, 2012, the Crosby Defendants executed and delivered to CMH Homes, Inc. d/b/a Clayton Homes Northport, AL (hereinafter "Seller"), a Manufactured Home Retail Installment Contract and Disclosure Statement (hereinafter "Contract") wherein they promised to repay the principal sum of $61,380.97 at an interest rate of 11.20% per year in 240 monthly installments of $765.09, taxes and insurance included.  The first payment came due under the Contract on December 1, 2012, but the due date was changed so that the first payment came due on January 1, 2013. A true and correct copy of the Contract

is attached hereto as a part of Exhibit "A" and incorporated herein by reference.

7.     Seller transferred its interest in the Contract to Plaintiff Vanderbilt Mortgage and Finance, Inc. (hereinafter "Plaintiff").

## COUNT I

8.     Plaintiff reasserts and realleges all material allegations contained in Paragraphs 1 through 7 above.

9.     The Contract provides in part that in the case of a default in the payment of any installment due by the Crosby Defendants under the Contract, at the option of the Plaintiff, the entire indebtedness would then become due and payable.

10.     Plaintiff alleges that a default was made in one or more of the installments due under the Contract and that Plaintiff has declared the entire indebtedness due and payable of which the Crosby Defendants had notice. Specifically, Plaintiff asserts that, as of the date of this Complaint, the account is past due for the January 1, 2014 payment, plus all subsequent payments due under the Contract.

11.     The balance due under the Contract, as of May 9, 2014, is, including all principal and accrued interest, $66,258.61, with this balance accruing interest at the rate of 11.20% per year.  Plaintiff asserts this sum is due and owing by the Crosby Defendants.

12.     Plaintiff further alleges that pursuant to the terms of the Contract the Crosby Defendants agreed to pay reasonable attorney's fees not to exceed 15% of Buyer's Unpaid Balance after referral to an attorney who is not a salaried employee of the Seller, court costs and disbursements, and costs of repossessing the Manufactured Home including the costs of storage, reconditioning, and resale. Plaintiff alleges that a reasonable attorneys' fee is $9,938.79, as such sum is a reasonable attorney's fee not exceeding 15% of the Crosby Defendant's unpaid balance, and Plaintiff claims this further and additional sum of the Crosby Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants for the sum of $66,258.61, an attorneys' fee in the amount of $9,938.79, for a total judgment of $76,197.40, plus subsequent interest and costs, and all other, further, or different relief that the Plaintiff may be entitled to, whether legal or equitable.

## COUNT II

13.     Plaintiff reasserts and realleges all material allegations contained in Paragraphs 1 through 12 of its Complaint.

14.     The Crosby Defendants executed and delivered the Contract to Plaintiff in connection with the purchase of one (1) 2012 Southern Energy manufactured home, VIN# SA4060175AL-B (hereinafter the "Collateral"). Pursuant to the terms of the Contract, the Crosby Defendants gave Plaintiff a

security interest in the Collateral.  A true and correct copy of the certificate of title evidencing Plaintiff's security interest in the Collateral is attached hereto as a part of Exhibit "B" and incorporated herein by reference.

15.    Upon information and belief, the Crosby Defendants are currently in possession of or have a legal interest in the Collateral.

16.    Plaintiff has made demand to Defendants for possession of the Collateral but the Defendants have failed or refused to deliver possession to Plaintiff.

17.    Due to the Crosby Defendants' default under the terms of the Contract, Plaintiff is entitled to immediate possession of the Collateral.

WHEREFORE, Plaintiff demands judgment against all Defendants for the immediate possession of said Collateral, plus all other, further, or different relief that the Plaintiff may be entitled to, whether legal or equitable.

## NOTICE TO CONSUMER

1.    The amount of this debt owed by Stephen D. Crosby and Karen Crosby, as of May 9, 2012, is $$66,258.61.

2.    The name of the creditor to whom this debt is owed is Vanderbilt Mortgage and Finance, Inc.

3.    Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days after the receipt of this notice, I will assume this debt to be

valid.

4.      In the event that you dispute this debt, or any portion thereof, and notify me in writing within thirty (30) days after receipt of this notice, I will obtain and forward to you a copy of the verification of this debt.

5.      Upon your written request within thirty (30) days of your receipt of this notice, I will provide you with the name and address of the original creditor, should such creditor be different from the current creditor named herein above.

**THIS IS AN ATTEMPT TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THIS PURPOSE**.

Respectfully submitted,

/*s/ Chad L. Hobbs.*
Chad L Hobbs (HOBBC1013)
J. Mitchell Hastings (HASTJ7206)
Attorneys for the Plaintiff

OF COUNSEL:

ROSEN HARWOOD, P. A.
Attorneys at Law
2200 Jack Warner Pkwy Ste 200
P.O. Box 2727
Tuscaloosa, AL 35403
(205) 344-5000

**Plaintiff's Address:**

Vanderbilt Mortgage and Finance, Inc.
PO Box 9800
Maryville, TN 37802

**Defendants' Address:**

23210 Highway 17
Toxey, AL 36921-2317