IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| VANDERBILT MORTGAGE AND FINANCE, INC., | * * * | |
| Plaintiff, | * * | |
| vs. | * * | CASE NO.: 14-00259-KD-M |
| STEPHEN D. CROSBY and KAREN CROSBY, | * * * | |
| Defendant. | * | |

## MOTION TO DISMISS

COME NOW the Defendants, Stephen D. Crosby and Karen Crosby, and moves to dismiss the above-styled cause pursuant to Fed. R. Civ. P. 12(b)(1) and as grounds therefore would state as follows:

1. This is an action to recover monies and collateral under a contract for installment payments on a mobile home, with said mobile home being the collateral for the same. Plaintiff alleges that federal diversity jurisdiction exists under 28 U.S.C. §1332(a), which provides that "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." There is no dispute that diversity of citizenship exists between the parties. However, the Plaintiff's First Amended Complaint fails to meet the requisite amount in controversy to invoke the jurisdiction of this

Honorable Court.

2. The First Amended Complaint alleges a specific monetary amount in controversy, a total of $76,197.40, which on its face appears to satisfy the jurisdictional requirements. Plaintiff seeks damages in the amount of $66,258.61, representing the principal and all accrued interest on the installment payments on the mobile home, which is the collateral for the contract. The Plaintiff also prays for possession of the collateral. Under St. Paul Mercury Indemnity Co. v. Red Cab, Co., 303 U.S. 283, 287 (1938), "the rule governing dismissal for want of jurisdiction . . . is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." The St. Paul court further held that "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Id. at 289. Finally, where it is apparent on the face of the pleading "to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff was never entitled to recover that amount, . . . the suit will be dismissed." Id. at 289. Such a result is due to be had in the instant case.

The amount alleged by the First Amended Complaint exceeds the jurisdictional requirement by only $1,197.40; moreover, this amount is reached only by the inclusion of attorney's fees. Provision is indeed made for said attorney's fee in the contract, not to exceed 15% of the unpaid balance. The amount claimed for such a fee is, to the cent, 15% of $66,258.61, the unpaid

2

balance in the instant case. The Plaintiff amended his complaint to reflect this amount in order to meet the jurisdictional requirements; indeed, without the attorney's fee, the complaint on its face fails to meet the jurisdictional requirements. Nonetheless, the sum claimed by the Plaintiff cannot be recovered, as, per the directive of the United States Supreme Court in St. Paul, "the law gives a different rule."

The Plaintiff's Amended Complaint requests both the amount owing and possession of the collateral. Under Alabama law, specifically Ala. Code § 7-9A-608, the proceeds from the sale of the collateral must be applied to the obligations secured by the security interest. In this case, the Plaintiff must apply any proceeds from the sale of the collateral, of which the Plaintiff expressly seeks possession, to the amount owed under the contract. Further, Ala. Code § 7-9A-610 requires the sale of the collateral to be commercially reasonable. The contract for purchase states that the purchase price of said mobile home was $61,211.88, on October 26, 2012, less than two years ago. Because the damages sought in the amount of $66,258.61, should be reduced by any amount produced by a commercially reasonable sale of the mobile home, and any commercially reasonable sale of a two year old mobile home should produce proceeds in excess of $1,197.40, it can be legally certain the Plaintiff's First Amended Complaint does not meet the jurisdictional requirement of an amount in excess of $75,000. Even with considerable depreciation considered, the offset would more than defeat the

Plaintiff's assertion that the requisite amount in controversy exists to invoke federal jurisdiction.

2. The Plaintiff further alleges attorneys fees in the amount of $9,938.79 in an attempt to place at controversy an amount that satisfies 28 U.S.C. §1332(a). There has been no showing, other than an assertion, that such a fee can be recovered or is reasonable in light of the services required in such a suit. No itemized bill or statement of the attorney's hourly rate has been provided. Therefore, Your Defendants pray that this Honorable Court would not consider the amount of attorney's fees in the computation of the amount in controversy.

3. Finally, Your Defendants would request that the Plaintiff's First Amended Complaint be dismissed in light of the pending state court controversy, namely <u>Karen Crosby v. CMH Homes, Inc. d/b/a Clayton Homes, & Southern Energy Homes, Inc.</u>, 15 CV-2013-900101, which concerns the same mobile home at issue in this action. Said action was recently remanded by this Honorable Court to the Circuit Court of Choctaw County, Alabama, in the matter by the same name, Case No. 13-630. Your Defendants will suffer great expense and inconvenience if they are required to litigate in two separate courts issues pertaining to the same mobile home. Your Defendants would represent that the interests of judicial economy will be best served by dismissing the instant action. Further, such an arrangement has the potential for inconsistent rulings or verdicts.

WHEREFORE, the above premises considered, Your Defendants

respectfully move this Honorable Court to dismiss the Plaintiff's action for want of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Respectfully submitted this the 11th day of July, 2014.

s/ *John Jefferson Utsey*
John Jefferson Utsey (ASB-7298-S69J)
UTSEY & UTSEY
Attorney for Defendant
P O Box 615
Butler Alabama 36904-0615
Telephone: (205) 459-3791
Fax: (205) 459-4479
utseylaw@tds.net

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on the 11th day of July, 2014, I electronically filed the foregoing document with the Clerk of Court using the PACER, the federal electronic filing system, or via hand delivery, facsimile transmission and/or by placing a copy of same in the United States Mail, postage prepaid and delivered to the address below:

Chad L. Hobbs
J. Mitchell Hastings
Attorneys for Plaintiffs
ROSEN HARWOOD, P.A.
2200 Jack Warner Parkway, Suite 200
P O Box 2727
Tuscaloosa Alabama 35403
205-344-5000-phone

s/ *John Jefferson Utsey*
John Jefferson Utsey
