IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| VANDERBILT MORTGAGE AND FINANCE, INC., | ) ) | |
|     Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 14-00259-KD-C |
| STEPHEN D. CROSBY, *et al.*, | ) ) | |
|     Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff's *(partial)* Motion for Summary Judgment (Doc. 35), Defendants' Response/Motion to Strike (Doc. 41) and Plaintiff's Reply (Doc. 42).[1]

**I.     Motion to Strike**

The Crosbys move to strike the Affidavit of VMF employee Brent Ridge (Doc. 35-1) as: 1) hearsay claiming that he lacks personal knowledge of the activities of CMH Homes, Inc. related to them; and 2) as referencing unauthenticated documents because he is not a custodian of records or other officer at VMF and thus, the documents attached to VMF's summary judgment response cannot be affirmed as true and accurate. (Doc. 41 at 1-2).

Pursuant to Rule 56 of the Federal Rules of Civil Procedure motions to strike on summary judgment are no longer appropriate. Revised Rule 56(c)(2) provides that "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." The Advisory Committee Notes specify as follows:

> "Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The

---

[1] VMF did not move for summary judgment on Count II for immediate possession of the mobile home, and so that claim is not before the Court. Thus, this is not a full motion for summary judgment as VMF asserts.

> burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. *There is no need to make a separate motion to strike.* If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial."

Fed.R.Civ.P. 56, *Adv. Comm. Notes*, "Subdivision(c)" (2010 Amendments) (emphasis added). As such, the Court construes the Crosbys' motion to strike as objections.

At the outset, the Crosbys' contentions are contradicted by Ridge's own assertions. In the Affidavit, Ridge (VMF Portfolio Manager) asserts that he is one of the VMF employees who has custody and control over the company's records, the records were made by a person with knowledge of the events and charged with recording same, the records are kept in the ordinary course of business at VMF, and moreover, that his affidavit is based on his personal knowledge and/or a summary of VMF's business records. Moreover, courts may consider hearsay on summary judgment so long as the statement can be reduced to admissible form at trial. See, e.g., Jones v. UPS Ground Freight, 683 F.3d 1283, 1293-1294 (11th Cir. 2012) ("a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form[]"); Macuba v. Deboer, 193 F.3d 1316, 1323 (11th Cir. 1999) (same). Further, even unauthenticated or otherwise inadmissible evidence is properly considered on summary judgment so long as it can be reduced to admissible form at trial. See, e.g., Rowell v. BellSouth Corp., 433 F.3d 794, 800 (11th Cir. 2005) (on summary judgment, courts consider "evidence which can be reduced to an admissible form"); Longcrier v. HL–A Co., Inc., 595 F.Supp.2d 1218, 1223 (S.D. Ala. 2008) ("The general rule in this Circuit is that parties' exhibits may be considered for purposes of pretrial rulings so long as they can be reduced to admissible form at trial[]"). Thus, whether the Ridge Affidavit is hearsay and/or VMF's exhibits are admissible as submitted on summary

judgment is of no moment.  Additionally, the Crosbys have made no showing that the exhibits cannot be reduced to admissible form at trial (and there is no reason to believe otherwise).  As such, the Crobsy's objections are **OVERRULED.**[2]

## II.     Factual Background[3]

This dispute stems from the Defendants Stephen D. Crosby and Karen Crosby (the Crosby)'s October 26, 2012 purchase of a 2012 Southern Energy manufactured home (mobile home) from CMH Homes, Inc., d/b/a Clayton Homes Northport, AL, and execution of a manufactured home retail installment contract and disclosure statement (the contract).  (Doc. 1-1; Doc. 35-1 at 2 (Aff. Ridge); Doc. 29 (amended)).  In the contract, the Crobsys promised to repay the principal sum of $61,380.97 at 11.20% interest in 240 monthly installments of $765.09.  (Id.)  As part of the contract, CMH and the Crosbys assigned CMH's interests to Plaintiff Vanderbilt Mortgage and Finance, Inc. (VMF).  (Doc. 1-1 at 11; Doc. 35-1 at 2 (Aff. Ridge)).  In conjunction with the purchase of the mobile home and as security for that contract, the Crosbys granted VMF a $64,535.73 mortgage on real property (5 acres) in Toxey, Alabama.  (Doc. 1-2).[4]

At some point later, the Crosbys defaulted under the contract.  (Doc. 35-1 at 3 (Aff. Ridge)).  VMF provided written notice on January 21, 2014 (Doc. 35-5), informing the Crobsys of the default, but the Crosbys failed to pay the $2,507.09 due within 30 days of the notice and instead paid $814.31 on February 24, 2014.  (Doc. 35 at 3; Doc. 35-1 at 3 (Aff. Ridge)).  The Crobsys' payment was insufficient to cure the default on the loan.  (Doc. 35-1 at 3 (Aff. Ridge)).

---

[2] It would remain each party's burden at trial to present its evidence in admissible form.  Prince Hotel, S.A. v. Blake Marine Group, 2012 WL 4711897, *1 (S.D. Ala. 2012).

[3] On summary judgment, the Court must "resolve all issues of material fact in favor of the [non-movant], and then determine the legal question of whether the [movant] is entitled to judgment as a matter of law under that version of the facts."  McDowell v. Brown, 392 F.3d 1283, 1288 (11th Cir. 2004).

[4] VMF's security interest was documented on the Certificate of Title, as the lienholder.  (Doc. 1-2).

On May 9, 2014, VMF sent the Crosbys a Notice of Demand for Payment in Full of Your Account (accelerating the indebtedness on the contract), giving the Crosbys until May 19, 2014 to pay $66,391.62.  (Doc. 35-6).   On May 19, 2014, the Crosbys paid $900.   (Doc. 35 at 3). The Crobsys' payment was insufficient to cure the default on the loan.  (Doc. 35-1 at 3 (Aff. Ridge)).   VMF received no further payments.  (Id.)  Due to the Crosbys' failure to pay, VMF initiated this litigation alleging: Count I -- default (breach) of the mobile home contract, Count II -- immediate possession of the mobile home, and Count III -- judicial foreclosure and sale of the property and mobile home pursuant to Section 35-10-3[5] Ala. Code.  (Docs. 1, 29).  VMF seeks recovery of the unpaid balance, interest, late charges, escrow items, payoff processing fee, and attorneys' fees.  (Doc. 35-1 at 3 (Aff. Ridge)).

**III.    Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a) (Dec. 2010). The recently amended Rule 56(c) provides as follows:

> *(1) Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

---

[5] The Court construes this as a typographical error, as the correct code section cited in VMF's motion, and not contested by the Crosbys, is Section 35-10-12.

4

> *(2) Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> *(3) Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> *(4) Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

FED.R.CIV.P. Rule 56(c) (Dec. 2010). Defendant, as the party seeking summary judgment, bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). If the nonmoving party fails to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter…the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-999 (11th Cir. 1992), cert. den., 507 U.S. 911 (1993) (internal citations and quotations omitted).

**IV.   Discussion**

Before addressing the parties' contentions, the Court must determine which jurisdiction's law governs the claims in this diversity action.  "[A] federal court in a diversity case is required to apply the laws, including principles of conflict of laws, of the state in which the federal court

sits." Manuel v. Convergys Corp., 430 F.3d 1132, 1139 (11th Cir. 2005) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). Alabama courts follow the traditional conflict-of-law principle of *lex loci contractus*. Lifestar Response of Ala., Inc. v. Admiral Ins. Co., 17 So. 3d 200, 213 (Ala. 2009). Accordingly, in Alabama, contract claims are governed by the laws of the state where the contract was made, unless the parties chose a particular state's laws to govern. Cherry, Bekaert & Holland v. Brown, 582 So. 2d 502, 506 (Ala. 1991).

No party has cited a choice-of-law provision in the mobile home or mortgage contract. However, the Court's review of the relevant documents reveals that Alabama law applies, the contracts were executed in Alabama, the mobile home was purchased in Alabama, and the real property is located in Alabama. (Doc. 1-1). Thus, the Court will apply Alabama law.

A.  **Count I: Breach of Retail Installment Contract via Default**

VMF moves for summary judgment on the mobile home contract, asserting that the Crosbys are in default under same. In response, the Crosbys contend that they are actively litigating the validity of that contract in pending state court litigation against the mobile home seller (contending the mobile home was defective),[6] and thus this Court should not grant summary judgment.

Under Alabama law, a plaintiff must prove the following elements to prevail on a breach of contract claim: 1) the existence of a valid contract binding the parties; 2) the plaintiff's performance under the contract; 3) the defendant's nonperformance; and 4) resulting damages. Wachovia Bank, NA v. L & H Investments, LLC, 2010 WL 3825572, *4 (M.D. Ala. Sep. 24, 2010); Jones v. Alfa Mut. Ins. Co., 875 So.2d 1189, 1195 (Ala. 2003).

---

6 *Karen Crosby v. CMH Homes, Inc., et al*, 2013-900101.00, Circuit Court of Choctaw County, Alabama, (Doc. 41-1).

As detailed *supra*, the record reveals that the Crosbys executed a retail installment contract in favor of CMH, which was later assigned to VMF. The Crosbys do not dispute that they defaulted under the contract. Instead, the Crosbys contend that the contract is invalid and voidable due to defects in the manufacture/delivery of the mobile home as well as fraudulent material misrepresentations as to the home's condition – issues which they assert they are currently litigating in state court. However, only Karen Crosby is a plaintiff in the state court litigation, and moreover, that case is against a different party, CMH Homes (the original seller of the mobile home). Further, at the time the mobile home contract was executed, CMH assigned the contract to VMF giving up all of its contractual rights/interests, and thus, the state court litigation between Mrs. Crosby and CMH is irrelevant to VMF's contractual rights against the Crosbys to recover the amounts owed to it under same. Regardless, despite the Crosbys' state court litigation, they have submitted nothing to this Court on summary judgment which would indicate that the contract is invalid or that VMF failed to perform under the contract. Because the Crosbys have failed to show that there are issues of material fact regarding the validity of the contract, VMF's performance under the contract, the Crosbys' non-performance and resulting damages, VMF is entitled to summary judgment. Accordingly, VMF's motion on this claim is **GRANTED** and the Crosbys shall pay VMF **$70,416.68** ($62,719.17 in unpaid principal, $6,747.14 in accrued unpaid interest, $388.58 in late charges, and $561.79 in escrow items).

**B.     Count III: Judicial Foreclosure and Sale**

Alabama Code Section 35-10-12 (emphasis added) provides as follows:

> ***Where a power to sell lands is given in any mortgage***, the power is part of the security and may be executed by any person, or the personal representative of any person who, by assignment or otherwise, becomes entitled to the money thus secured. A conveyance of the lands sold under such power of sale to the purchaser at the sale may be executed by the mortgagee, their agents, attorneys or any person making the sale. Such conveyance

vests the legal title of the lands sold under the power of sale to the purchaser at the sale. Probate judges shall index foreclosure deeds by the name of the original grantor and grantee in the mortgage, deed of trust, or other conveyance intended to secure the payment of money, and also by the names of the grantor and grantee in the foreclosure deed.

The Acceleration clause gives instructions on how to proceed if the lender invokes the power of sale. (Doc. 35-4 at 15-16). The Acceleration clause in the mortgage, upon which VMF now relies, provides:

> 22.    Acceleration: Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument….***This notice shall specify:*** (a) the default; (b) the action required to cure the default; ***(c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured***; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property…***If the default is not cured on or before the date specified in the notice, Lender at its option may…invoke the power of sale and any other remedies permitted by Applicable Law.***

(Id. at 15 (emphasis added)).

The Court questions whether VMF has provided proper notice of Acceleration to the Crosbys under the contractual terms of the mortgage. Specifically, VMF provided a "Notice of Default and Right to Cure Default" (the Default notice) to the Crosbys on January 21, 2014 (Doc. 35-5), informing the Crosbys of the default and a specific sum to cure same. While the Crosbys made a partial payment towards that sum, it was insufficient. Later, on May 9, 2014, VMF sent the Crosbys a "Notice of Demand for Payment in Full of Your Account" (the Acceleration notice), notifying the Crosbys that they had until May 19, 2014 to pay $66,391.62. (Doc. 35-6). On May 19, 2014, although the Crosbys made a partial payment towards the sum, it was insufficient to satisfy the accelerated demand. As such, while VMF provided notice to the Crosbys of their breach and of the default as well as the action required to cure same (to pay a specific sum) via a May 9, 2014 "Notice of Demand for Payment in Full of Your Account," that

Acceleration notice failed to give the Crosbys "not less than 30 days from the date the notice is given to Borrower, by which the default must be cured."  VMF only gave the Crosbys until May 19, 2014 (10 days) within which to pay the accelerated sum.  As such, VMF is **ORDERED** to address this issue, by filing a Supplement to its motion on or before **February 20, 2015**.  The Crosbys should file a Response by **February 27, 2015**.

C.      <u>Attorneys' Fees</u>

VMF seeks recovery of attorneys' fess in the amount of 15% of the unpaid balance due pursuant to the retail sales contract -- $9,938.79.  (Doc. 35 at 7-8).  VMF's request for attorneys' fees is premature given that Count II and Count III remain pending.  As such, VMF's request for fees is denied at this time as premature.  VMF, however, has leave of Court to re-file a motion for attorneys' fees at the conclusion of this case.

V.      <u>Conclusion</u>

Accordingly, it is **ORDERED** that VMF's *partial* motion for summary judgment (Doc. 35) is **GRANTED in part** as follows: **GRANTED** as to Count I in the amount of **$70,416.68**.

**DONE** and **ORDERED** this the **11**[th] day of **February 2015.**

<u>/s/ Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**