**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **VANDERBILT MORTGAGE AND** ) | |
| **FINANCE, INC.,** ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **CIVIL ACTION NO. 14-00259-KD-C** |
| **STEPHEN D. CROSBY,** *et al.,* ) | |
|     **Defendants.** ) | |

**ORDER**

This matter is before the Court on Plaintiff Vanderbilt Mortgage and Finance, Inc.'s ("VMF") Motion for Attorneys' Fees and Costs. (Doc. 49). The Court previously granted Plaintiff's motion to confirm foreclosure sale but reserved ruling on the matter of attorneys' fees and ordered Plaintiff to supplement its request. Plaintiff has done so in the form of a detailed supplement to the motion for attorneys' fees and through the affidavit of Attorney Chad Hobbs. (Docs. 49 and 49-1). Upon consideration, the motion is **GRANTED**.

**I.     Attorneys' Fees**

VMF has requested $9,938.79 attorneys' fees and $547.00 in costs. The Retail Installment Contract executed by the parties provides for an award of "expenses for (a) reasonable attorney's fees not to exceed 15% of Buyer's Unpaid Balance after referral to an attorney who is not a salaried employee of the Seller; (b) court costs and disbursements; and (c) costs of repossessing the Manufactured Home including the costs of storage, reconditioning, and resale." (Doc. 35-2 at 7.) The buyer's unpaid balance at the time the matter was referred to outside counsel was $66,258.61 (Doc. 35-1 at 4). VMF represents the following:

> • Chad L. Hobbs, shareholder, has expended 26.10 hours at a rate of $225 per hour, for a total of $5,872.50 before normal write-downs. Hobbs has over 10 years of litigation experience.

    • J. Mitchell Hastings, associate, has expended 103.40 hours at a rate of $185 per hour, for total of $19,129.00 before normal write-downs. Hastings has between three and four years of experience.

    • Christina Howton and Christine Hunt, both paralegals, have expended 11.00 hours combined, at a rate of $75.00 per hour, for a total of $825.00 before normal write-downs. Howton and Hunt's years of experience are unknown to the Court.

    • Law clerks employed by the firm have expended a total of 5.70 hours at a rate of $75.00 per hour, for a total of $427.50 before normal write-downs.

(Docs. 49 at 3; 49-1). VMF represents that following normal write-downs and adjustments, these amounts total $16,750.00. (Doc. 49 at 3). This amount totals more than 15% of the unpaid balance at the time the matter was referred to counsel.  Due to the 15% cap contained in the contract, VMF has reduced its fee request to $9,938.79. This amount represents 15% of the unpaid balance owed by the Defendants at the time of referral ($66,258.61).

    The calculation of reasonable attorneys' fees is within the sound discretion of the court. *Dowdell v. City of Apopka, Fla.,* 698 F.2d 1181, 1187 (11th Cir.1983). In assessing the reasonableness of attorney's fee requests, courts generally apply the "lodestar" method to obtain an objective estimate of the value of an attorney's services. *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988); *Dillard v. City of Greensboro,* 213 F.3d 1347, 1353 (11th Cir.2000) (explaining that the lodestar "is the number of hours (tempered by billing judgment) spent in the legal work on the case, multiplied by a reasonable market rate in the local area"). The value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay, defined as "the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 895–896 n. 11 (1984). The party moving for fees bears the burden of establishing the "reasonableness" of the hourly rate and

number of hours expended via specific evidence supporting the hours and rates claimed. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *American Civil Liberties Union of Ga. v. Barnes,* 168 F.3d 423, 427 (11th Cir.1999). The court may utilize its own "knowledge and expertise" to come to an independent judgment regarding the reasonableness of requested attorney's fees. *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir.1994).

When seeking attorney's fees, the prevailing party must not request fees for hours that are "excessive, redundant, or otherwise unnecessary;" or request fees for unsuccessful claims. *Hensley,* 461 U.S. at 434–435. When a request for attorney's fees is unreasonably high, the court may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir.2008). Likewise, where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations. *See, e.g., Norman,* 836 F.2d at 1299. Notably, "[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonableness and proper fees and may form an independent judgment with or without the aid of witnesses." *Id.* at 1303 (citations omitted).

Further, the lodestar figure established by the Court may be adjusted by consideration of various factors including:

> (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances.

*Van Schaack v. AmSouth Bank, N.A.,* 530 So.2d 740, 749 (Ala.1988). *See also e.g. Pharmacia Corp. v. McGowan,* 915 So.2d 549, 552–554 (Ala.2004); *Lolley v. Citizens Bank,* 494 So.2d 19 (Ala.1986). These criteria are for purposes of evaluating whether an attorney fee is reasonable but they are not an exhaustive list of specific criteria that must all be met. *Beal Bank, SSB v. Schilleci,* 896 So.2d 395, 403 (Ala.2004).

A.       Hourly Rates and Hours Expended

The total number of hours expended totals 129.50 hours. Upon consideration of the affidavit and the relevant factors set forth, the Court finds that the hours spent on this litigation and the hourly rates charged were reasonable under the circumstances. Specifically, the rates requested by VMF include rates of $185 per hour and $225 per hour for attorneys with 3 to 4 and 10 of experience, respectively. These rates do not exceed rates which have been found reasonable in this Court. *See Goldsby v. Renosol Seating, LLC,* 2013 WL 6535253, at *9 (S.D.Ala. Dec. 13, 2013) ("[T]his Court's customary hourly rates for attorneys ... ranges from $250.00 to $300.00 for more experienced and qualified attorneys [and] $150.00 to $225.00 for less experienced attorneys and associates with few years of practice ...").

VMF also seeks recovery of fees, at the rate of $75.00 per hour, for the work of two paralegals, whose years of experience are unknown. In this market, this Court regularly approves rates of $75/hour for paralegals. *SE Property Holdings, LLC v. Green,* 2013 WL 790902, *6 (S.D.Ala. Mar. 1, 2013); *Zuffa, LLC v. Al–Shaikh,* 2011 WL 1539878, *9 (S.D.Ala. Apr. 21, 2011); *Williamson,* 2011 WL 382799, *5; *Adams v. Austal, U.S.A., L.L.C.,* 2009 WL 3261955, *2 (S.D.Ala. Oct. 7, 2009); *Lanier Construction Inc. v. Carbone Properties of Mobile, LLC,* CV 06–0070–CB–B (S.D.Ala. Feb. 12, 2008). Additionally, VMF seeks recovery of fees at the rate of $75.00 per hour, for the work of law clerks employed by the firm. The Court finds this hourly

rate to be reasonable. *See SE Prop. Holdings, LLC v. 145, LLC*, Civ. A. No. 10–00521–KD–B, 2012 WL 6681784, at *4 (S.D.Ala. Dec. 21, 2012)(finding $75 per hour to be a reasonable rate for a law clerk in Mobile).

Upon consideration of the materials submitted, counsel's affidavit representations, and the Court's expertise, the undersigned is satisfied that the fees are reasonable and recoverable. The Court has also considered that VMF has already reduced its request by over $6,000.00 in order to comply with the 15% cap contained in the Retail Installment Contract.

## II.   Costs

VMF represents that it has incurred $547.00 in costs. This amount is comprised of a $400.00 filing fee, $135.00 for service of process, and $12.00 in photocopies. (Doc. 49 at 9). The Retail Installment Contract provides that in the event of default, Defendants will be responsible for "expenses for … (b) court costs and disbursements; and (c) costs of repossessing the Manufactured Home including the costs of storage, reconditioning, and resale." (Doc. 35-2 at 7.). The Court finds that the costs requested fall into these categories and are recoverable.

## III.   Conclusion

Upon consideration of the foregoing, VMF's Motion for Attorneys' Fees and Costs (Doc. 49) is **GRANTED**. VMF is awarded attorneys' fees in the amount of $9,938.79 and costs in the amount of $547.00, which totals an award of **$10,485.79**. A final judgment will issue by separate document.

**DONE** and **ORDERED** this **3**rd day of **September 2015**.

s / Kristi K DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**